IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Patricia A. Coan

Civil Action No. 04-cv-00860-WDM-PAC

ROBERT ALWARD,

Plaintiff(s),

v.

VAIL RESORTS, INC., et al.,

Defendant(s).

---

**ORDER re: PROTECTIVE ORDER, NOTICE CONCERNING SANCTIONS, AND DEADLINES**

---

Upon review of the motions and any responsive pleadings, IT IS HEREBY

**ORDERED** that plaintiff's Motion for Entry of Protective Order [filed May 18, 2005] is **granted in part** and **denied in part**. With the court's modifications, the attached Protective Order is made an order of the court this date. It is further

**ORDERED** that Plaintiff's Motion for Extension of Time to Reply to Motion for Summary Judgment [filed July 8, 2005] is **granted**. Plaintiff's Reply to defendants' response to plaintiff's motion for summary judgment is due no later than **July 14, 2005.** It is further

**ORDERED** that plaintiff's counsel is hereby given **notice** and will be heard on **July 28, 2005 at 8:30 a.m.** concerning the propriety of the $100 sanction imposed on her on December 16, 2004, which plaintiff's counsel has paid the court. It is further

**ORDERED** that plaintiff's counsel shall be given an opportunity to **show cause** in writing no later than **July 22, 2005** why the $100 sanction imposed on plaintiff's counsel December 16, 2004 should not remain. It is further

**ORDERED** that the "Amendment to Plaintiff's Motion for Extension of Time to Submit Responses and Motion to Reset Hearing Regarding Sanctions" contained in plaintiff's July 8, 2005 Reply to Defendant's Response to Supplement. . . is **denied** for the failure to comply with D.C.COLO.LCiv.Rules 7.1.A and 7.1.C.

Further, plaintiff's counsel is **advised** that the statement "counsel for the plaintiff contacted counsel for defendants by telephone and email to confer about this motion, but counsel for defendants did not respond," which is included in many, if not all, of her motions, is insufficient compliance with D.C.COLO.LCivR 7.1.A; plaintiff's counsel is required to pick up the telephone and speak with defendants' counsel.

Further, counsel are **advised** that the matter of a settlement conference will be discussed at the final pretrial conference August 12, 2005.

Dated this 12th day of July 2005.

By the Court:
s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ~~04-WM-860 (PAC)~~ 04-cv-00860-WDM-PAC

ROBERT ALWARD

Plaintiff,

v.

VAIL RESORTS, INC., a Colorado corporation; VAIL CORPORATION, INC. D/B/A/ VAIL ASSOCIATES INC., a Colorado corporation; VR HOLDINGS, INC., a Colorado corporation; and WILLIAM JENSEN, individually and in his official capacity as Senior Vice President and Chief Operating Officer of Vail Resorts, Inc.

Defendants.

PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information that (1) may be entitled to confidential treatment or (2) may otherwise intrude on the privacy interests of third parties

IT IS ORDERED:

1. This Protective Order shall apply to documents, materials, and information produced,

pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Documents, material and information designated "CONFIDENTIAL" shall be documents, , which are limited to confidential or private medical and/or mental health information, financial or tax information, or information contained in personnel files, of (a) Plaintiffs, and; (b) Defendants and current or former employees of the Defendants; and (c) all third parties to this action. Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case, and except as authorized by the strict terms of this Protective Order. The parties note that some confidential and/or private information has been previously disclosed or produced, or discovered informally in this case. Any medical or mental health information, financial or tax information, or personnel file documents previously produced are covered by this order.



[redacted] Furthermore, medical and mental health information, financial and tax information, personnel information, [redacted] regarding Plaintiff[redacted] that Defendant has obtained solely from third parties, based on the signing by Plaintiffs of a document authorizing the release of such information, shall be deemed CONFIDENTIAL and subject to this Protective Order.

4. CONFIDENTIAL documents, materials, and/or information (collectively ""CONFIDENTIAL information") identified in accordance with paragraph 3 of this Protective Order shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

Any person who has been given confidential materials must keep them confidential except as set forth above.

[redacted]



6. Documents ~~are~~ may be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

7. [redacted] A party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days from the date of this order [redacted]

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be

subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Should the parties desire to offer into evidence or submit to the Court any CONFIDENTIAL information (whether in a discovery dispute, on the merits, by either party to challenge the identification of material entitled to confidential treatment, or otherwise), any such documents or information shall be filed under seal with the Clerk of the Court in accordance with D.C.COLO.LCivR 7.2 and 7.3. [redacted]

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the person or entity which produced them. [redacted]

11. Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

12. This Protective Order may be modified by the Court at any time for good cause shown following the filing of an appropriate motion.

DATED this 11th day of July, 2005.

BY THE COURT:

Magistrate Judge Patricia A. COAN
United States District Court
District of Colorado