IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-860-WDM-PAC

ROBERT ALWARD,

    Plaintiff,

v.

VAIL RESORTS, INC., *et al.*,

    Defendants.

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

Miller, J.

    This matter is before me on Plaintiff's Motion to Strike, filed July 13, 2005. For the reasons that follow, the motion will be granted in part.

    On June 16, 2005, Defendants filed a motion for summary judgment, in support of which they submitted three separate opening briefs, which in total consisted of 38 pages. Plaintiff moves to strike Defendants' motion, arguing that the opening briefs' aggregate length exceeds the limitations of my Pretrial Procedure 6.1, Defendants' lengthy exhibits violate D.C.COLO.LCivR 56.1C, and that alternatively, the three briefs should have each accompanied a motion under D.C.COLO.LCivR 56.1A. Plaintiff also moves to strike an affidavit attached to the briefs for an alleged discovery violation.

    My Pretrial Procedure 6.1, governing summary judgment motion practice before

me, provides: "The opening brief and answer brief shall not exceed 20 pages. The reply brief shall not exceed 10 pages. Upon appropriate motion, permission to file a brief of greater length may be granted in cases of extraordinary complexity." Defendants' briefs exceed the 20 page limit, and they did not request permission to exceed the page limit.

Defendants seek to avoid this limit by noting that my Pretrial Procedures provide no limitation on the number of briefs that may be filed in support of a motion. Such a transparent contrivance to evade the clear intent of my Pretrial Procedures, namely to limit the length of summary judgment briefing absent a showing of extraordinary complexity, is summarily rejected.

Similarly, by combining a request fo summary judgment on their counterclaim, Defendants violate the spirit of D.C.COLO.LCivR 56.1B, which requires a separate motion when making a cross motion for summary judgment.

Defendants also argue that Plaintiff failed to confer with them prior to filing the motion to strike, in violation of D.C.COLO.LCivR 7.1A, a contention Plaintiff disputes. Regardless, D.C.COLO.LCivR 7.1A does not apply to "a motion under Fed. R. Civ. P. 12 or 56."  As a motion to strike is authorized under Fed. R. Civ. P. 12(f), Defendants' argument is without merit.

Finally, Defendants argue that the necessity of filing three separate briefs resulted from Plaintiff's "frivolous and improper joinder of parties" and "inconsistent and contradictory claims."  (Defs.' Resp. Mot. Strike, at 2.) Such an assertion cannot

excuse Defendants' obligations to comply with my Pretrial Procedures.

Consequently, I find that Defendants' summary judgment briefs should be stricken for failure to comply with my Pretrial Procedure 6.1.[1] Defendants may file a brief limited to the issues of dismissing Plaintiff's claims that complies with my Pretrial Procedures on or before August 4, 2005. Defendants may file a separate motion for summary judgement concerning their counterclaim, supported with a brief that complies with my Pretrial Procedures, again on or before August 4, 2005.[2]

With regards to Plaintiff's request that I strike the affidavit of Ann George, that request is denied without prejudice to Plaintiff raising the issue in her response to Defendants' motion for summary judgment.

Accordingly, it is ordered:

1. Plaintiff's Motion to Strike, filed July 13, 2005, is granted in part.

2. Defendants' Brief in Support of Motion for Summary Judgment (Docket # 208), Defendants' Br04-00ief in Support of Partial Motion for Summary Judgment (Docket # 209), and Defendants' Brief in Support of their Partial Motion for Summary Judgment (Docket # 210), are stricken.

3. Defendants may file a summary judgment motion concerning their counterclaim, and briefs that comply with my Pretrial Procedures and

---

[1] I do not, however, find that Defendants' filings should be stricken as violative of D.C.COLO.LCivR 56.1C.

[2] The length of the briefs supporting the two separate motions need not be aggregated for purposes of my Pretrial Procedure 6.1.

this order, on or before August 4, 2005.

DATED at Denver, Colorado, on July 21, 2005.

                              BY THE COURT:

                              /s/ Walker D. Miller
                              United States District Judge