IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-00860-WDM-PAC

ROBERT ALWARD,

      Plaintiff(s),

v.

VAIL RESORTS, INC., et al.,

      Defendant(s).

_____

**ORDER** re: AMENDMENT OF FINAL PRETRIAL ORDER
_____

**Patricia A. Coan, Magistrate Judge**

      This is an employment case in which plaintiff has alleged national origin and age discrimination under both federal and state statutes, breach of contract, violations of ERISA, defamation, interference with prospective business advantage and "workers'" compensation retaliation" in a complaint which was filed April 28, 2004.  The case  was referred to the undersigned in a June 4, 2004 order of reference for pretrial case management.

I.

      The final pretrial order entered in August 23, 2005.  Trial is set to begin on October 16, 2006.  Discovery in this case was completed after considerable exertion including, but not limited to, numerous discovery disputes which required twelve court conferences and/or hearings, several additional written discovery orders resolving

04-WM-860
October 28, 2005

disputes for which oral argument was not heard, five depositions sessions in courthouse conference rooms, and finally, notice to plaintiff's counsel that she may be sanctioned due to her vexatious conduct which unnecessarily multiplied the proceedings in this case.

The final pretrial conference was set on three occasions, beginning in April 2005 and ending with the conference which occurred on August 22, 2005.  Because counsel could not agree on a final pretrial order, the court drafted the final pretrial order from a proposed order containing information provided by plaintiff which defendants tendered to chambers by e-mail.  The order was discussed on the record with counsel on August 22, 2005; the court then took a thirty-five minute recess to allow the attorneys to review the final product; and following the recess, the court again reviewed the final document with counsel, specifically noted and limited by interlineation what subjects remained which could be the subject of plaintiff's motions to amend (*see* Final Pretrial Order, Doc. #265, Sections 4. 2., and 7.a.(1) and c.), set a deadline to move for amendment, and obtained counsels' approval of the pretrial order and permission to affix their signatures.  *See* August 22, 2005 Minutes/Minute Order and Exhibit 1 (the interlineated final pretrial order discussed with and approved by all counsel).  The interlineated document was then typed and entered as the final pretrial order on the following day.

2

04-WM-860
October 28, 2005

*See* August 23, 2005 final pretrial order, Doc. #265.[1]

On September 1, 2005, plaintiff's counsel timely moved to amend the August 23, 2005 final pretrial order to include her version of what stipulations should be listed in the stipulations section; to request that "exhibits used by any party on summary judgment" be included in her list of exhibits; for the foregoing entry of "exhibits used by any party on summary judgment" to be considered sufficiently specific for purposes of the final pretrial order and for additional time to move for inclusion of the exhibits; and finally, to amend the final pretrial order to include plaintiffs' exhibits 20-40, and set an earlier visual aids exchange deadline.  Plaintiff also raised objections to defendants' witness list, and included a request to add another retaliation claim to his statement of claims in the final pretrial order.

## II.

A final pretrial order is to be modified only "to prevent manifest injustice." Fed.R.Civ.P. 16(e); the burden of proof is on the moving party.  *Smith v. Ford Motor Co.*, 626 F.2d 784, 795 (10th Cir. 1980).  The court considers the following factors when presented with a motion to amend the final pretrial order: (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and

---

[1] Docket number 267, a "proposed final pretrial order" was entered in error.  See #304, Docket Annotation correcting the error.

04-WM-860
October 28, 2005

(4) bad faith by the party seeking to modify the order. *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). Modification should be allowed "when the danger of surprise is small and a failure to amend might result in an injustice to the moving party." *Bridge Publications, Inc. v. F.A.C.T.Net, Inc.*, 183 F.R.D. 254, 258-59 (D.Colo.1998)(internal quotation omitted).

III.

*A. Stipulations*

Plaintiff argues that the stipulations listed in the initial scheduling order should be the stipulations listed in the final pretrial order. Defendants object because plaintiff's versions of stipulations were not agreed to.

Plaintiff provides no authority in support of her position.[2] Plaintiff attempts to rely upon *Koch*, for the proposition that defendants should stipulate to plaintiff's proposed stipulations because they are not surprised that plaintiff takes the position that the stipulations he wants should be in the final pretrial order because they were in the scheduling order, or were otherwise made known to defendants as plaintiff's desired stipulations.

I find that defendant would be very surprised indeed if the plaintiff could

_____

[2] Curiously, plaintiff's counsel cites to *Bridge Publications*, 183 F.R.D. at 259, for the proposition that her version, or the scheduling order's version of stipulations should be listed in the stipulations section of the final pretrial order. I find that the portion of *Bridge Publications* cited did not concern stipulations, but instead discussed Judge Kane's allowance of the listing of an additional witness in the final pretrial order

4

04-WM-860
October 28, 2005

unilaterally determine what stipulations went into the final pretrial order.  Plaintiff's

counsel  misapprehends the nature of stipulations- they are not like the addition of new

witnesses or exhibits to be added to the final pretrial order to prevent manifest injustice.

Stipulations are the agreement of all counsel as to certain facts or legal propositions.

Here, defense counsel has not agreed to stipulate as plaintiff wishes.  Without the

agreement of all counsel, there is no stipulation.  Plaintiff's version of stipulations will

not be included in the final pretrial order.

B.   *"exhibits used by any party on summary judgment"*

Plaintiff wants to add to his exhibit list "exhibits used by any party on summary

judgment."   Defendant objects to the vagueness of the designation.

I find that, as of the August 22, 2005 final pretrial conference, after discovery

which began thirteen months earlier with the July 24, 2004 scheduling conference,

plaintiff's counsel in the instant case was or should have been familiar with every piece

of paper she planned to use at trial and that all of those exhibits should have been

listed in plaintiff's exhibit list attached to the August 23, 2005 final pretrial order.  That

list customarily contains all the exhibits which counsel intends to use at trial and that

list would *include* exhibits attached to summary judgment pleadings.

Here, plaintiff's counsel obviously had not diligently prepared for the final pretrial

order, because, as of August 22, 2005, she claimed no knowledge of the exhibits either

side would use to further arguments in dispositive motions.  Plaintiff's counsel's own

5

04-WM-860
October 28, 2005

lack of diligence does not meet the manifest injustice standard of Rule 16(e). Plaintiff

has not stated how manifest justice would inure if he were not permitted to add the

exhibits.  Moreover, the instructions for preparing the final pretrial order specifically

state, with respect to exhibits: "[t]his list should be specific enough so that other parties

and the court can understand merely by referring to the list, each separate exhibit

which will be offered.  General references such as 'all deposition exhibits' or 'all

documents produced during discovery' are unacceptable."  D.C.Colo. Local Civil Rules,

Appendix F at 2, §7a instruction (2005).  A listing of "exhibits used by any party on

summary judgment' is thus a general reference which is not permitted.  Accordingly,

plaintiff will not be allowed to add "exhibits used by any party on summary judgment" to

his exhibits list.

Plaintiff's counsel's request that the court consider the designation "exhibits

used by any party on summary judgment" to be specific enough for purposes of the

final pretrial order also will be denied because, as discussed in the preceding

paragraph, the designation is clearly not specific enough.

Finally, plaintiff's request for ten days from the date briefing on the dispositive

motions is completed to list further exhibits is generally denied.  If, however, defendants

attached a document not previously produced to plaintiff to any of their summary

judgment pleadings, plaintiff may move, on or before November 14, 2005, to add to his

exhibit list, said not-previously-produced-documents ONLY, identified with the

6

04-WM-860
October 28, 2005

specificity required by the instructions for the preparation of the final pretrial order.  If

plaintiff's motion is granted, defendants may file Rule 26(a)(3) objections to any exhibits

plaintiff identifies within eleven days of the ruling on the motion.

*C. Other Exhibits*

At the final pretrial conference, plaintiff did not request leave to add to his exhibit

list, except to add   "exhibits used by any party on summary judgment."   He now claims

that "due to inadvertence" he neglected to list exhibits 20-40 which are set forth on

plaintiff's exhibit B to his motion to amend.  Plaintiff claims he would be prejudiced if the

documents are not added to his exhibit list, although he fails to specify how he would

be prejudiced.  Plaintiff also attempts to designate "worker's compensation records"

and "Benefit Plan documents including Bates Vail 01434-10559 and 006730 to 6885."

*See* Pl. Motion, Ex. B.

The exhibits identified as "worker's compensation records" and "Benefit Plan

documents" will not be added to plaintiff's exhibit list because the designations are

simply too general and nonspecific to comply with the instructions for preparation of the

pretrial order.

Without commenting on the relevancy or admissibility of the documents plaintiff

wishes to add, those documents numbered 20-38 and the bates stamped pages of Plan

documents identified in #40, Ex. B, will be allowed on plaintiff's exhibit list.  Using the

*Koch* test,  203 F.3d at 1222, I find (1) that the documents listed in items #20-38 and

7

04-WM-860
October 28, 2005

the bates stamped pages in # 40, appear to have been produced throughout this case, or were presumably attached to summary judgment pleadings, or were copies of attorney correspondence, or were otherwise identified and produced by defendants, so that defendants are not surprised by their listing as plaintiffs' exhibits; (2) since there is nearly a year until trial, there is time to cure prejudice, if any, to defendants should defendants successfully move the court for any further discovery; (3) with the lengthy time until trial, there is no interruption of the orderly and efficient trial of the case; and (4) finally, I do find bad faith on the part of plaintiff's counsel.

She was limited to filing motions with regard to supplementing the final pretrial order in only three areas. She did not state any other disagreement with the order on August 22, 2005. Notwithstanding, given her usual practice of multiplying the pleadings, plaintiff's counsel now tries to add more exhibits and an additional claim, and brings up again the settled matter of the deadline to exchange visual aids, which was ruled on August 22, 2005. I find, based on the history in this case, that counsel for plaintiff is an inveterate procrastinator and that she is persistent to a fault. In light of my orders at the final pretrial conference, plaintiff's position is, at minimum, bad faith and could further be considered to be in contempt of the court's orders.

However, because of the lengthy time until trial and the *Koch* standard, with three out of four factors weighing in plaintiff's favor, plaintiff's request to list exhibits will be granted with respect to Exhibits 20-38, and the bates-stamped pages of Exhibit 40

8

04-WM-860
October 28, 2005

ONLY.  *See* Pl. Motion, Exhibit B.

*D. Dates for Exchange of Visual Aids*

This matter was discussed at the August 22, 2005 final pretrial conference when

the court ruled that an exchange of visual aids two business days before trial was a

reasonable period of time.  Plaintiff has not provided any authority to the contrary nor

any reason to alter that ruling.  Plaintiff did not file Rule 72 objections to the final

pretrial order.   The request for visual aids to be exchanged seven days before trial will

be denied.

*E. Objections to Defendant's Witness List*

The objections will be denied as moot because plaintiff stated he would raise the

objections as Rule 26(a)(3) objections which were due on September 30, 2005.

*F.  Additional Claim*

Plaintiff appears to request that he be granted leave to add some sort of

retaliation claim in addition to his worker's compensation retaliation claim.  Whether

plaintiff was claiming retaliation other than worker's compensation retaliation was

discussed at the final pretrial conference.  See August 22, 2005 Minutes, Ex. 1.

Plaintiff's counsel did not ask at that time to include a claim of retaliation other than

plaintiff's claim for workers' compensation retaliation; and indeed, counsel stated that

the only retaliation claim plaintiff intended to pursue was that of workers' compensation

retaliation.  At the same conference, plaintiff's counsel approved the statement of

9

04-WM-860
October 28, 2005

plaintiff's claims on pages two through five of the pretrial order, which are preceded by the note "Written by Plaintiff".  Counsel did not refute that note or argue that she had not written those sections of the final pretrial order.  *See* August 22, 2005 Minutes and Exhibit 1, at 2-5.

Plaintiff claims that the additional retaliation claim is based on new information, but he provides not a shred of "new information," relying only upon the unsupported claims and argument of counsel.  Moreover, defendants would now be prejudiced by the addition of a new claim when the discovery and dispositive motions deadlines have past and the final pretrial order has entered; discovery would have to be reopened to allow discovery to cure the prejudice to defendants, and the dispositive motions deadline extended to accommodate the filing of potential additional dispositive motions.  Because there are three dispositive motions and two affiliated motions pending, reopening discovery and allowing further dispositive motions would halt the orderly progression of this case toward trial; and, finally, I find not only the usual lack of diligence, but bad faith on the part of plaintiff since he admits knowing about the claim even before the suit was filed, stating "these claims were included in plaintiff's charge of discrimination".  Pl. Motion at 8.

Because the *Koch* factors weigh in favor of defendants, plaintiff will not be permitted to amend the final pretrial order to add another claim of retaliation.

04-WM-860
October 28, 2005

IV.

For the reasons stated, it is hereby

**ORDERED** that plaintiff's Motion to Amend Pretrial Order, doc. # 275, filed

September 1, 2005, is **granted in part** and **denied in part**.  Specifically, it is

**ORDERED** that, on or before **November 14, 2005**, plaintiff may move to amend

his final exhibits list to include documents <u>defendants</u> attached to their summary

judgment pleadings **only** for those documents which were <u>not</u> previously produced to

plaintiff.  Plaintiff's counsel will be sanctioned if she attempts to list exhibits that have

been previously produced.  It is also

**ORDERED** that plaintiff may amend his exhibit list to include Exhibits ##20-38,

and the bates stamped documents in # 40 as set forth in Ex. B to plaintiff's motion to

amend.  Counsel shall provide copies of the exhibits to defense counsel  and file an

amended exhibit list with the court on or before **November 14, 2005**.  Plaintiff's

amended exhibit list shall list exhibits in chronological numerical order.[3]   Defendants

may file rule 26(a)(3) objections to the newly listed exhibits eleven days following

receipt of the exhibits.  Defendants shall file any motions directed to the newly listed

exhibits on or before eleven days after receipt of the exhibits.  It is further

**ORDERED** that, with the exception of the foregoing orders, any other relief

---

[3]  Plaintiff's exhibit B does not list exhibits in chronological order.  Exhibits 1-11 are repeated on every page.  *See* Pl. Sept. 1, 05 Motion to Amend, Ex. B.

04-WM-860
October 28, 2005

requested in plaintiff's motion to amend final pretrial order is denied.

      Dated October 28, 2005.

By the Court:
s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge
