IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-00860-WDM-PAC

ROBERT ALWARD,

    Plaintiff,

v.

VAIL RESORTS, et al.,

    Defendants.

**ORDER**

Miller, J.

Several matters are pending before me. This order addresses five motions: (1) Plaintiff Robert Alward's ("Alward") appeal of orders from Magistrate Judge Coan, filed May 5, 2005; (2) Alward's motion for relief pursuant to Fed. R. Civ. P. 56(f), filed August 24, 2005; (3) Vail Resorts, Inc, The Vail Corporation, Inc d/b/a Vail Associates Inc, VR Holdings, Inc., and William Jensen's ("Jensen") (collectively "Vail") motion to strike, filed July 18, 2005; (4) Alward's motion for partial summary judgment, filed June 7, 2005; and (5) Vail's motion for summary judgment on their counterclaim, filed August 4, 2005. For the reasons that follow, Vail's motion to strike will be granted, and the other four motions will be denied.

Background[1]

---

[1] Unless otherwise noted, the background facts, drawn from the parties' various filings and supporting evidence, appear to be undisputed.

In 1979, Alward began working for Vail as a ski instructor, and continued working for the company until 2001. Earning multiple promotions throughout his career, Alward eventually took over as the Director of two of Vail's ski schools in 1997. In 2001, however, Vail decided to restructure their ski schools, and Alward was forced to either sign a separation agreement or be demoted. Alward chose to sign the Separation Agreement, which generally provided that Vail would pay Alward $70,000 in exchange for Alward's release of any claims he may have against Vail. In addition, the Separation Agreement provided that after September 11, 2002, if Alward wished to apply for employment with Vail, he would "be considered the same as any other applicant." (Separation Agreement at 3, ¶5(e), Ex. A-1 to Defs.' Motion for Summary Judgment on Defs.' Counterclaim.)

In the summer of 2002, Alward sought to be hired as a ski instructor for the upcoming ski season (beginning after September 11, 2002). After Vail decided not to rehire him, Alward brought this suit alleging nine claims: (1) national origin discrimination in violation of Title VII, 42 U.S.C. § 2000e, et seq., and Colo. Rev. Stat. § 24-34-402 ("Claim One"); (2) age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., and Colo. Rev. Stat. § 24-34-402 ("Claim Two"); (3) Breach of contract ("Claim Three"); (4) discrimination with the intent to interfere with his employee benefit plans, in violation of section 510 of ERISA ("Claim Four"); (5) Refusal to provide employee benefit plan documents, in violation of sections 101, 502(c)(3), and 606 of ERISA ("Claim Five"); (6) denial of coverage and benefits under employee benefit plans, in violation of section 502 of ERISA ("Claim Six"); (7)

defamation ("Claim Seven"); (8) intentional interference with prospective business advantage ("Claim Eight"); and (9) workers compensation retaliation ("Claim Nine"). In addition, Vail countersued for breach of contract.

Before turning to the substance of these motions I first observe that the parties have been extremely contentious, exhibiting a wearisome tendency to quarrel, which distracts from the rational resolution of disputes. The need for my involvement in pretrial matters is quite rare, yet this is the third time I have been called upon to resolve pretrial disputes in this case. Indeed, some of these issues were covered in my lengthy June 2, 2005 order, but the quarreling continues almost unabated. Counsel are encouraged to work together professionally to minimize unnecessary conflict.

1.      Appeal of Magistrate Coan's Order

Alward disputes Magistrate Judge Coan's April 15, 2005[2] order that denied his fourth motion to compel and ordered sanctions against his counsel. Because this order concerned nondispositive matters, I may reconsider the orders only if clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). *See also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988) (*quoting United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)) (under "clearly erroneous" standard, the reviewing court must affirm unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed").

Turning to the merits, I note that my June 2, 2005 order addresses some of

---

[2] I have reviewed the April 15, 2005 transcript and the April 18, 2005 minute order summarizing Magistrate Judge Coan's orders.

these issues and that Alward's counsel has been given notice of threatened sanctions and an opportunity to be heard. From my review, often of the same matters previously considered in 2005, I remain convinced that Magistrate Judge Coan's order was neither clearly erroneous nor contrary to law. Therefore, Alwards objections will be denied.

2. Rule 56(f) Motion

In this motion, Alward requests, pursuant to Fed. R. Civ. P. 56(f), that I either deny Vail's motion for summary judgment on all claims, or allow him additional time for discovery. In support, he argues that he needs discovery that is the subject of his appeal of Magistrate Judge Coan's April 15, 2005 order, and that because of vacation schedules, he needs more time to obtain affidavits from non-party witnesses.

I disagree. Alward's arguments relating to his appeal of Magistrate Judge Coan's order are rejected given my ruling above. In addition, after the filing of this motion, Alward was granted an extension of time to respond to Vail's motion. (*See* Minute Order, August 26, 2005, Docket No. 274.) This extension of time effectively granted more time to obtain the affidavits he claims to need. In sum, I find that Alward had ample time for discovery, and that relief under Rule 56(f) is not appropriate.

3. Motion to Strike

One of the key issues that goes to the merits of the parties' contractual disputes is whether Alward breached the Separation Agreement by disclosing its terms to a third party - namely Cliff Robertson ("Robertson"). In their motion to strike, Vail complains that Alward's motion for partial summary judgment relies upon a declaration of Robertson that was not properly and timely provided during discovery. Indeed, Vail

claims that they never knew of the declaration's existence until June 3, 2005 - four months after Alward obtained the declaration, but just one business day before Alward's summary judgment motion was filed. As a result, Vail claims they have suffered prejudice because it had previously cancelled a phone deposition with Robertson after he informed Vail that he would not assist Alward in any way. Had they known about the January declaration, Vail claims they would have insisted on the deposition going forward. Therefore, Vail argues that Robertson's declaration should be stricken pursuant to Fed. R. Civ. P. 37(c).

Rule 37(c) provides:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

In response, Alward does not deny Vail's allegations, and does not dispute that he was required to disclose the declaration pursuant to Rule 26(a), but rather, Alward proffers a series of baseless arguments. For example, Alward baldly asserts that he thought that the declaration had been disclosed earlier, but provides no explanation for this mistaken belief, or how he suddenly realized his mistake one business day before he filed his summary judgment motion. Alward also argues that he could not have disclosed the declaration before the discovery deadline of January 28, 2005, because he did not receive the declaration until several days afterwards. That does not justify, however, the failure to disclose for months prior to filing the motion. Similarly, Alward argues that the motion to strike is untimely under Fed. R. Civ. P. 12 - a rule that by its

express terms applies only to pleadings.

After considering the factors that the Tenth Circuit has laid out to guide my determination, I find that Alward's failure to produce the declaration prejudiced Vail which could not be readily cured and was without substantial justification, suggesting bad faith.  *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (listing "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness").  Accordingly, Vail's motion will be granted and Robertson's declaration will be stricken from Alward's motion for partial summary judgment.

4.      <u>Summary Judgment Motions</u>

Vail's motion for summary judgment on their counterclaim for breach of contract, and Alward's motion for partial summary judgment both center around the same contractual issues, and I will therefore address them together.

<u>Standard of Review</u>

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of

evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).  Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

## Discussion

Both Vail and Alward claim that the other is liable for breaching the Separation Agreement.  Specifically, the parties' arguments raise the following questions regarding three possible instances of breach: (1) did Alward breach by suing based on events that occurred prior to the date the contract was signed? (2) did Vail breach the contract by failing to consider Alward's application for employment "the same as any other applicant?" and (3) did Alward breach by disclosing the terms and conditions of the Settlement Agreement to Cliff Robertson?  I will address each of these issues in turn, but first, I note a few key principles of Colorado[3] contract law in that guide my determinations.

First, the "[i]nterpretation of a written contract is a question of law," for the court to decide. *B & B Livery, Inc. v. Riehl*, 960 P.2d 134, 136 (Colo. 1998).  Second, although a party to a contract is generally entitled to recover for any breach of a contract, *see Zambakian v. Leson*, 234 P. 1065, 1066 (Colo. 1925); Restatement (Second) of Contracts § 236 cmt. a (1981) ("Every breach gives rise to a claim for

---

[3] Vail and Alward agree that Colorado law governs the contractual claims in this case.

damages, and may give rise to other remedies."), that party is not relieved of his own contractual obligations unless the other party's breach is material and unexcused. *Converse v. Zinke*, 635 P.2d 882, 887 (Colo. 1981) (citing Restatement (Second) of Contracts § 241). Third, whether a breach is material is a question of fact, normally for a jury to decide. *See Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 64 (Colo. 2005).

Applying these principles to the first issue from above, I conclude that there is a genuine factual issue as to whether Alward breached by disclosing the terms of the Separation Agreement to Cliff Robertson. (*See* Separation Agreement at 3, ¶8, Ex. A-1 to Defs.' Motion for Summary Judgment on Defs.' Counterclaim.) ("The EMPLOYEE confirms that . . . he shall forever refrain from disclosing to any person or entity the terms and conditions of this Agreement.") Alward's own evidence includes an October 26, 2001 letter from Cliff Robertson expressing his dismay at hearing that Alward was "given a one-year severance pay package." (Ex. 6, Attachment A, to Pl.'s Motion for Partial Summary Judgment.) This letter raises a reasonable inference that Alward breached by disclosing at least some of the terms of the contract to Robertson.

As to whether this breach was material, it will depend upon the extent of the disclosures, if any, and the importance of the non-disclosure clause in relation to the contract as a whole. Thus, I also conclude that there is a genuine factual issue as to the materiality of Alward's alleged disclosures. Therefore, Alward's motion for summary judgment on Vail's counterclaim for breach of contract will be denied. In addition, since Vail's duties under the contract would be discharged by a material breach, Alward's

motion for summary judgment on his Third Claim for breach of contract will also be denied.

This leaves only Vail's motion for summary judgment on their counterclaim for breach of contract.  Because I conclude that there is a genuine factual dispute as to whether Vail materially breached the Separation Agreement, Vail's motion will also be denied.  The contract required Vail to consider Alward for employment "the same as any other applicant." (Separation Agreement at 3, ¶5(e), Ex. A-1 to Defs.' Motion for Summary Judgment on Defs.' Counterclaim.)  The use of this phrase, without any limiting language, indicates that Vail is prohibited from counting Alward's status as a former director against him.  *See Pepcol Mfg. Co v. Denver Union Corp.*, 687 P.2d 1310, 1314 (Colo. 1984) (explaining that normally, contracts will be interpreted according to the "generally prevailing meaning" of its terms, and a court will not look beyond the "four corners of the agreement" unless those terms are ambiguous).  Vail would interpret the contract to allow them to consider Alward's application the same as any other applicant who was a former manager or director of the Vail ski school.  In effect it would allow the decision maker to hire or not to hire based on a particular background which is contrary to considering Alward "the same as any other applicant."  I find such an interpretation unreasonable, as it would render the provision essentially meaningless.  Therefore, since Alward has produced evidence that Jensen — the person who ultimately decided not to re-hire Alward — was influenced at least in part by the fact that Alward was a former ski school director (*see* Jensen Dep. at 204:7-25 &

217:1-22, Ex. 3 to Pl.'s Motion for Partial Summary Judgment),[4] I conclude that there exists a genuine factual issue as to whether Vail breached.

This is not the end of the issue, however, because Vail's breach will not prevent them from recovering on their breach of contract claim unless the breach was material. Alward argues that it was material because the rehiring clause was key to his decision to accept the severance package. *See Coors*, 112 P.3d at 64 ("A material term goes to the root of the matter or essence of the contract."). In contrast, Vail characterizes this clause as ancillary to the essence of the contract — the payment of $70,000 in return for Alward's release of legal claims. As noted above, materiality is normally a jury question, and I conclude that a reasonable jury could decide either way in this case. Therefore, Vail's motion for summary judgment on their counterclaim for breach of contract will be denied.

Finally, since the first two contractual issues from above are determinative of both summary judgment motions, and since there is a factual issue as to whether Vail materially breached the contract prior to this lawsuit, I need not discuss whether Alward's claims in this lawsuit violate the terms of the Separation Agreement. However, I will note that the contract specifically states that Alward does not release claims that arise from events occurring after the effective date of the agreement (Separation Agreement at 2, ¶3, Ex. A-1 to Defs.' Motion for Summary Judgment on Defs.' Counterclaim.), and Alward's current claims are based on just such events —

---

[4] Indeed, Vail nearly admits that Jensen based his decision at least in part on such considerations. (*See* Defs.' Br. in Support of Motion for Summary Judgment on All Claims, at 4-5, Undisputed Facts 10 & 13.)

specifically, Vail's failure to rehire him in the summer of 2002.

Accordinly, it is ordered:

1. Plaintiff's appeal of Magistrate Judge Coan's order, filed May 5, 2005 (Docket No. 183), is denied.

2. Plaintiff's motion for relief pursuant to Fed. R. Civ. P. 56(f), filed August 24, 2005 Docket No. 269), is denied.

3. Defendants' motion to strike, filed July 18, 2005 (Docket No. 234), is granted.

4. Plaintiff's motion for partial summary judgment, filed June 7, 2005 (Docket No. 198), is denied.

5. Defendants' motion for summary judgment on their counterclaim, filed August 4, 2005 (Docket No. 246), is denied.

6. Defendants' motion for summary judgment on all claims, filed June 16, 2005 (Docket No. 207), remains pending.

DATED at Denver, Colorado, on March 31, 2006.

                            BY THE COURT:


                            s/ Walker D. Miller
                            United States District Judge