IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-00860-WDM-PAC

ROBERT ALWARD,

    Plaintiff(s),

v.

VAIL RESORTS, INC., et al.,

    Defendant(s).

---

ORDER RE: DEFENDANT'S MOTION TO AMEND ANSWER
TO ADD AFFIRMATIVE DEFENSE OF MITIGATION OF DAMAGES

---

Michael J. Watanabe, United States Magistrate Judge

    This is an employment action in which plaintiff has asserted national origin and age discrimination under both federal and state statutes, breach of contract, violations of ERISA, and various state law claims.  The case was referred to Magistrate Judge Patricia Coan on June 4, 2004 for pretrial case management.  A five-day jury trial is scheduled to begin on October 16, 2006.  The matter before the court at this time is Defendants' Motion to Amend Answer to Add Affirmative Defense of Mitigation of Damages, filed September 13, 2006.

    Defendants seek leave of court under Fed.R.Civ.P. 15(a) or 15(b) to amend their Answer.  I grant defendants leave to amend under Rule 15(b) for the reasons discussed below.

    Plaintiff filed his Complaint on April 28, 2004.  Defendants filed their original Answer on June 21, 2004.  They filed an Amended Answer and Counterclaim on

September 24, 2004. Defendant did not assert the affirmative defense of failure to mitigate in either pleading, or in the Final Pretrial Order entered on August 23, 2005.

Generally, a final pretrial order may not be amended except to prevent manifest injustice. Fed.R.Civ.P. 16(e). However, amendments to the pretrial order may be permitted under Fed.R.Civ.P. 15(b). *Southwestern Stationery & Bank Supply, Inc. v. Harris Corp.*, 624 F.2d 168, 171 (10th Cir.1980); *see, also, Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

> Fed.R.Civ.P. 15(b) states:
>
> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Rule 15(b) is "intended to promote the objective of deciding cases on their merits rather than in terms of the relative pleading skills of counsel[.]" 6A Wright, Miller & Kane, Federal Practice and Procedure, §1491, at 5 (2d ed.1990) (quoted with approval in *Brandon v. Holt*, 469 U.S. 464, 471 n. 19 (1985)).

Defendants argue that the parties have litigated the defense of failure to mitigate

damages in pretrial proceedings for over two years and that plaintiff has thus implicitly consented to the amendment. Defendants point to the following in support of their argument: In the Scheduling Order entered on July 24, 2004, defendants stated that they intended to call an expert witness on mitigation of damages to rebut plaintiff's expert testimony on economic damages. (Scheduling Order, at 9) On July 27, 2004, defendants propounded their first set of interrogatories to plaintiff asking about plaintiff's efforts to mitigate his damages. (Defendants' Motion to Amend Answer, Ex. C). Plaintiff provided substantive responses without objecting to the interrogatories on the ground that defendants failed to raise the affirmative defense of failure to mitigate damages. (*Id.,* Ex. D) Defendants questioned plaintiff about his mitigation efforts during plaintiff's August 31, 2004 deposition, asking plaintiff about his efforts to establish a business and his job search efforts following his separation. (*Id.*, Ex. E)

Between September 2004 and January 2005 defendants attempted to obtain employment and medical releases from plaintiff on the ground that the releases were relevant to plaintiff's efforts to mitigate damages. (*Id.*, Exs. F, G and H). Plaintiff responded that defendants "had the opportunity to, and did, extensively question Mr. Alward about his mitigation efforts during his deposition on August 31, 2004." (*Id.*, Ex I) Plaintiff recognized that defendants were asserting a defense of failure to mitigate at a court hearing relating to defendants' efforts to obtain the employment and medical releases from plaintiff. (*Id.,* Ex. J)

Defendants also attempted to obtain tax returns from plaintiff in February 2005 to determine plaintiff's mitigation efforts. (Defendants' Motion to Amend, Ex. K) Plaintiff

3

responded, in part, that he had already provided "mitigation" information in response to the defendants' requests. (*Id.*, Exs. L, M)

Defendants concluded plaintiff's deposition in May 2005. During that proceeding, plaintiff's counsel recognized that "mitigation [was] an issue in th[e] case." (*Id.*, Ex. A, at 271)

Plaintiff opposes defendants' proposed amendment and argues that Fed.R.Civ.P. 15(b) applies only to amendments made during or after trial. Plaintiff maintains that his pre-trial litigation of the defense without objection does not constitute implied consent to trial on the merits.

The Tenth Circuit has applied Rule 15(b) liberally to a defense raised in a motion for summary judgment on the eve of trial. *See Suiter v. Mitchell Motor Coach Sales, Inc.*, 151 F.3d 1275, 1279-80 (10th Cir. 1998). Although there are no cases in this Circuit applying Rule 15(b) before trial outside of the summary judgment context, the Seventh Circuit has invoked Rule 15(b) to allow a plaintiff to add a race discrimination claim where the parties had engaged in four years of discovery and other pretrial proceedings, and defendant had failed to object to the plaintiff's efforts to gather evidence to prove race discrimination. *See Torry v. Northrop Gruman Corporation*, 399 F.3d 876, 879 (7th Cir. 2005).

A pleading may be impliedly amended under Rule 15(b) "if an issue has been tried with the express or implied consent of the parties and not over objection." *Green County Food Market, Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1280 (10th Cir. 2004) (quoting *Hardin*, 691 F.2d at 456). Here, plaintiff was put on notice that defendants

intended to raise the issue of plaintiff's alleged failure to mitigate damages beginning in July 2004. Defendants engaged in discovery on that issue for the next ten months. Plaintiff recognized throughout discovery that defendants intended to present evidence on plaintiff's failure to mitigate at trial, but plaintiff has never objected to defendants' litigation of that issue. I find that plaintiff has impliedly consented to defendants' trial of the issue of plaintiff's failure to mitigate his damages because plaintiff has been on notice for two years that defendants intended to assert that affirmative defense. *See Hardin*, 691 F.2d at 457.

Alternatively, if plaintiff did not impliedly consent to amendment of the Final Pretrial Order, plaintiff cannot show that he will be prejudiced by the amendment. Rule 15(b); *Green Country Food Market, Inc.*, 371 F.3d at 1281; *Hardin*, 691 F.2d at 457 ("Even where there is no consent, and objection is made at trial that evidence is outside the scope of the pretrial order, amendment may still be allowed unless the objecting party satisfies the court that he would be prejudiced by the amendment"). As discussed above, plaintiff has been on notice for two years, throughout the discovery process, that defendants intended to assert the affirmative defense of failure to mitigate damages. Plaintiff cannot now claim unfair surprise. Indeed, plaintiff does not allege that he will be prejudiced if the amendment to the Pretrial Order is allowed. Accordingly, for the reasons discussed above, it is

**HEREBY ORDERED** that Defendants' Motion to Amend Answer to Add Affirmative Defense of Mitigation of Damages, filed September 13, 2006, is **GRANTED** as follows: The Final Pretrial Order, filed August 23, 2005, "Defendants' Defenses," is

amended to include an affirmative defense of failure to mitigate damages.   It is

**FURTHER ORDERED** that Defendants' Second Amended Answer and Counterclaim, tendered to the court on September 13, 2006, is **REJECTED**.  The Final Pretrial Order is the governing pleading in this case.

Dated September 28, 2006.

BY THE COURT:

s/ Michael J. Watanabe
MICHAEL J. WATANABE
United States Magistrate Judge